**Masminah MARIPIN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–70655.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 2, 2016.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Allison Frayer, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Masminah Maripin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Zamanov v. Holder,* 649 F.3d 969, 973 (9th Cir.2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Maripin's testimony regarding alleged harm from her husband, when she last had contact with her husband, and whether she felt threatened by anyone other than her husband. *See id.* at 973 (testimony about the events leading to petitioner's departure goes to the heart of the claim); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) (inconsistency was a specific and cogent reason supporting the adverse credibility determination). Maripin's ex-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

planation, that she did not recall these incidents until her second hearing, do not compel the opposite result. · *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Absent credible testimony, Maripin's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Maripin's CAT claim because she failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.